# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ABHSIE, | ) |
|                             Plaintiff, | ) No. 16 CV 7357 |
| v. | ) Magistrate Judge Young B. Kim |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) |
|                             Defendant. | ) October 25, 2017 |

## MEMORANDUM OPINION and ORDER

Before the court is Plaintiff Timothy Abhsie's motion for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a),(d). Abhsie argues that he is entitled to $13,567.17 in fees and costs as a prevailing party under EAJA. The motion is granted for the following reasons:

## Background

Abhsie filed an application for disability insurance benefits in March 2011, which was denied by an administrative law judge ("ALJ") in August 2012. *See Abhsie v. Colvin*, No. 13 CV 8886, 2015 WL 1292536, at \*1 (N.D. Ill. March 17, 2015). Abhsie appealed the ALJ's decision, and in March 2015 the court remanded the case so that the ALJ could address evidence that supported Abhsie's complaints of pain and re-evaluate the medical opinions in the record. *Id.* at \*4-6. On remand the ALJ again denied Abhsie's application for benefits, and Abhsie again appealed the ALJ's decision. (See R. 1, Compl.) On July 6, 2017, this court remanded the

case for a second time, finding errors in the ALJ's symptom analysis, treatment of the medical opinions, and RFC assessment. (R. 23.)

Abhsie now seeks an award of $13,567.17[1] in attorney and legal assistant fees and costs under EAJA. This request is based on an hourly attorney rate of $195.73 for time billed primarily in March 2017. (R. 25-1, EAJA Itemization of Time.) The government does not contest Abhsie's entitlement to recover fees or costs, but does contend that both the hourly rate and the number of hours billed are excessive and should be reduced. (R. 28, Govt.'s Resp.)

**Analysis**

**A. Hourly Rate**

Pursuant to EAJA, an award of attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In 2015 the Seventh Circuit held that "[c]ourts should generally award the inflation-adjusted rate according to the [Consumer Price Index ("CPI")], using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). However, while the CPI suffices as proof of an increase in the cost of living, claimants must still show evidence that "the rate they request is in line with those prevailing in the community for similar services

---

[1] Abhsie initially sought $12,882.12 in fees and costs, representing 62.85 hours of attorney work and 1.9 hours of legal assistant work. (R. 25, Pl.'s Mot. ¶ 11.) In his reply, Abhsie seeks an additional $685.05 in fees for 3.5 hours of attorney work on the reply brief, for a new total of $13,567.17. (R. 29, Pl.'s Reply at 6.)

2

by lawyers of comparable skill and experience." *Id.* Attorney affidavits, or in some cases even a single sworn statement from a claimant's attorney setting forth the prevailing market rate, can be sufficient for this purpose. *Id.* at 428-29.

Abhsie supports his requested hourly attorney rate of $195.73 by attaching cost-of-living calculations based upon the "all items" portion of the CPI for all urban consumers ("CPI-U").[2] (See R. 25-3.) One of Abhsie's attorneys, Barry Schultz, also states in the motion that he charges $200 per hour for associates with zero to two years of experience. (R. 25, Pl.'s Mot. at 6.) Abhsie further provides affidavits from five other attorneys with social security disability experience who charge hourly rates ranging from $165 to $550 for work similar to what Abhsie's attorneys performed in this case.[3] (See R. 25-4, 5, 6, 7, 9.) Finally, Abhsie attaches a survey of law firm billing rates from 2010. (See R. 25-10.)

The government argues that the hourly rate Abhsie seeks here is too high because the junior attorney who bore primary responsibility for preparing Abhsie's

---

[2] In *Sprinkle*, the Seventh Circuit left to each district court's discretion whether to use the national or the regional CPI rate when calculating the inflation-adjusted hourly rate. 777 F.3d at 428 n.2. Because the government does not contend that the regional rate should apply here, the court uses the national CPI rate proposed by Abhsie.

[3] Abhsie includes a sixth affidavit from Attorney David Sutterfield, who attests that his practice "includes the representation of plaintiffs with respect to claims brought pursuant to [the] Illinois Nursing Home Care Act . . . ." (See R. 25-8, Sutterfield Aff. ¶ 5.) Although *Sprinkle* only requires that claimants provide evidence regarding rates for services "similar" to the services for which fees are requested, *see* 777 F.3d at 428, Abhsie has offered no explanation for how claims under the Illinois Nursing Home Care Act are similar to social security claims. At any rate, the other five affidavits are from attorneys who attest to practicing social security law, so the court focuses on the rate information they provide without relying on Sutterfield's affidavit.

briefs is less experienced than the more senior attorneys on whose affidavits Abhsie relies in his motion. (R. 28, Govt.'s Resp. at 1-2.) According to the government, the affidavits "do nothing to support justifying an increase in [the] hourly rate" because the junior attorney "does not possess reasonably comparable skill, experience, and reputation." (Id. at 2 (internal quotation marks omitted).) The government further contends that Attorney Schultz's statement that he charges $200 per hour for attorneys with less experience is insufficient to establish the market rate for inexperienced attorneys. (Id.)

Given the Seventh Circuit's guidance in *Sprinkle*, the court finds that the inflation-adjusted rate of $195.73 is appropriate in this case. First, the Seventh Circuit has made clear that courts should generally award the inflation-adjusted rate to be "consistent with the goal of keeping EAJA fee proceedings relatively simple," and the court finds no reason for departure here. *See Sprinkle*, 777 F.3d at 428. The government argues that a more experienced attorney could have written the briefs in this case more quickly than a less experienced attorney. (R. 28, Govt.'s Resp. at 2.) But courts can address potential inefficiency by examining whether the number of hours expended is reasonable given the facts of the case, a related but separate inquiry from determining whether the requested hourly rate is justified. As for the government's argument that it should not have to "subsidize [the attorney's] training," (R. 28, Govt.'s Resp. at 2), the itemized time records in this case do not appear to include time spent on background training or purely educational endeavors unrelated to Abhsie's claim. Rather, they show that the

4

billed-for tasks were directly related to the development of Abhsie's case. (See R. 25-1, EAJA Itemization of Time.)

Second, while claimants must still produce evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of comparable skill and experience[,]" the court in *Sprinkle* also stated that "a district court might find, in its discretion, a single sworn statement from a claimant's attorney, setting forth the prevailing market rate" to be sufficient. 777 F.3d at 428-29. Here, Abhsie has submitted multiple affidavits from other attorneys along with affirmation from his own attorney to show that the requested rate is "in line" with those prevailing in the community. The government makes much of the fact that the affidavits are from seasoned practitioners, while the attorney who did the bulk of the drafting in this case is less experienced. (R. 28, Govt.'s Resp. at 2.) To support its argument, the government cites to the Illinois ARDC's web site showing that the drafting attorney was admitted to practice in December 2016. (Id. at 1.) Yet the Seventh Circuit found affidavits not only very similar to, but in some instances exactly the same as, the ones submitted in this case to be "more than sufficient" in similar circumstances. *See Sprinkle,* 777 F.3d at 423-24, 428-29; *compare Sprinkle*, No. 09 CV 5042, Dkt. No. 22, Exs. D, E, F, & G, *with* (R. 25-4, 6, 7, 9). In fact, it appears that the attorney who did most of the drafting and research for the claimant's initial briefs in *Sprinkle* was also admitted to practice in Illinois only one year before he began working on that case. *See Sprinkle v. Colvin*, No. 09 CV 5042, Dkt. No. 22, Ex. C (listing hours for Attorney Cody Marvin beginning in

5

December 2009); Lawyer Search: Attorney's Registration and Public Disciplinary Record for Cody Thomas Marvin, *available at* http://www.iardc.org/ldetail.asp?id=481629696 (last visited Oct. 24, 2017) (showing admission to the Illinois bar in November 2008).[4] The attorney's relative inexperience did not prevent the Seventh Circuit in *Sprinkle* from finding that similar affidavits to those submitted here were enough to support a finding that the proposed rate was acceptable. *See Sprinkle*, 777 F.3d at 428-29. For these reasons, the court finds that the requested rate of $195.73 per hour of attorney work is justified in this case.

**B.      Number of Hours**

The court also finds that the total number of hours billed (62.85 hours) is reasonable. The government again points to the junior attorney's relative inexperience to argue that even halving his hours would not compensate for the fact that a more senior attorney could work more efficiently. (R. 28, Govt.'s Resp. at 2.) But the court has found similar hour totals to be reasonable, especially where, as here, the case involves a voluminous record (1,670 pages) and is more complex procedurally. *See, e.g., Cummings v. Berryhill*, No. 14 CV 10180, 2017 WL 926766, at *2 (N.D. Ill. March 8, 2017) *(*"The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours." (internal quotation marks and citation omitted)); *Sturdivant v. Colvin*, No. 12 CV 8186, 2014 WL 1557639, at

---

[4] The court may take judicial notice of information from attorney registration and disciplinary bodies, including their internet databases. *See United States v. Yarrington*, 838 F. Supp. 2d 832, 835 n.1 (C.D. Ill. 2012); *see also* Fed. R. Evid. 201(b).

*3 (N.D. Ill. April 18, 2014) (awarding fees for 68.3 billed hours); *Taloff v. Colvin*, No. 12 CV 01696, 2014 WL 868040, at *3 (N.D. Ill. March 5, 2014) (awarding approximately 65 hours of work for a 796-page record). This is not to suggest that an award is justified merely because the total number of hours expended falls within a range that has been sustained in other cases. *See Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010). However, in this instance the court finds that 62.85 hours of attorney time to be reasonable.

Abhsie's attorney also represents that he spent 3.5 hours drafting the reply brief for the current motion. (R. 29, Pl.'s Reply at 6.) The court finds this amount of time to be reasonable. At the requested hourly rate of $195.73, the time the attorney spent drafting the reply brief results in a supplemental fee of $685.05.

## Conclusion

For the foregoing reasons, Abhsie's motion for an award of fees and costs is granted in the amount of $13,567.17.

                **ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**